The judgment of the County Court is accordingly affirmed.

RAYMOND J. THORNTON, PETITIONER-APPELLANT, v. CHAMBERLAIN MANUFACTURING CORP., RESPONDENT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued March 21, 1972—Decided March 29, 1972.

*Mr. Edward B. Meredith* argued the cause for appellant (*Messrs. Meredith, Meredith & Chase*, attorneys).

*Mr. Thomas J. Mannion, Jr.* argued the cause for respondent (*Messrs. Taylor, Bischoff, Williams & Martin*, attorneys).

Before Judges GOLDMANN, HALPERN and LORA.

PER CURIAM. Petitioner appeals from a County Court judgment affirming the dismissal of his claim petition by the Workmen's Compensation Division. The basis for the denial of compensation was that while his injuries arose out of his employment they did not occur during the course of that employment. We affirm.

While in the employ of respondent company as a foreman, petitioner on numerous occasions had to reprimand one Sozio, a subordinate, for failure to wear the required safety glasses while working near dangerous machinery. Sozio did not readily accept the criticism and he on one occasion said to petitioner, "I'll take care of your eyes later." Petitioner voluntarily left respondent's employ on April 2, 1968 to take advantage of what appeared to be a better job opportunity. Late in the evening of April 11, 1968 he visited a tavern in Burlington, N. J. He noticed that Sozio was present, but the two did not converse. Petitioner left the tavern in the company of a young lady sometime after 1 A.M. Sozio followed and, without justification, brutally beat and kicked petitioner, and in the course of doing so kept saying, "Remember me, remember me." Thornton was hospitalized for some time and as a result of Sozio's vicious attack suffers from a loss of vision in his right eye.

The compensation judge found that the assault and resulting injury arose out of petitioner's employment, but did not occur in the course thereof because the employment relation had terminated ten days before Sozio's attack. The County Court judge came to the same conclusion.

Petitioner contends that given the circumstances of this case and the development of our workmen's compensation law, this court should now be prepared to award compensation on what has been termed a "delayed-action" injury. See 1 *Larson, Workmen's Compensation Law,* §§ 29.21, 29.22, at 452.101–452.109 (1968) — this in light of the liberal construction our courts have given to New Jersey's Workmen's Compensation Act. We do not read the Larson text as clearly supporting an award where the employment relation, as here, ceased more than a week prior to the assault. Thus, cases like *Crotty v. Driver Harris Co.,* 49 *N. J. Super.* 60 (App. Div. 1958), *certif.* den. 27 *N. J.* 75 (1958); *Meo v. Commercial Can Corp.,* 80 *N. J. Super.* 58 (App. Div. 1963), and *Filson v. Bell Tel. Labs, Inc.,* 82 *N. J. Super.* 185 (App. Div. 1964), decided by this court

— these, among others cited by petitioner in support of his claim — have no application. Our courts have repeatedly quoted from *Bryant, Adm'x v. Fissell*, 84 *N. J. L.* 72, 77 (Sup. Ct. 1913), that an accident arises in the course of employment if "it occurs while the employee is doing what a man so employed may reasonably do within a time during which he is employed, and at a place where he may reasonably be during that time." See *e. g., Hammond v. Great Atlantic & Pacific Tea Co.*, 56 *N. J.* 7, 11 (1970).

Petitioner cites only a single case, *Gunn v. Accurate Forming Co.*, 89 *N. J. Super.* 308 (Cty. Ct. 1965), in which compensation was awarded despite termination of the employment relationship before the occurrence of the injuries. Petitioner there refused an order of a superior and as a result was fired. Supervisory employees attempted to prevent him from leaving the employer's premises until they could make certain that he was not carrying away tools that did not belong to him. In the process petitioner was assaulted and sustained injuries. The court rejected the employer's contention that it was not liable to pay compensation benefits for injuries suffered anytime after petitioner was discharged. The court found no applicable New Jersey precedent but indicated agreement with the view in other jurisdictions that "* * * compensation coverage is not automatically and instantaneously terminated by the firing or quitting of the employee. He is deemed to be within the course of employment for a reasonable period while he winds up his affairs and leaves the premises." (at 311) Petitioner cannot bring himself within the narrow exception on which the *Gunn* result was based. He was not injured while pursuing any activities in connection with leaving respondent's employ, such as returning to the plant within a reasonable time to collect wages or retrieve his personal belongings.

For a case which cuts sharply against petitioner's argument that compensation is due for injury, inflicted at any time when there is not an employment relationship, see *Fantasia v. Hess Oil and Chemical Corp.*, 110 *N. J. Super.*

360 (Cty. Ct. 1970), aff'd o. b. 113 *N. J. Super.* 229 (App. Div. 1971), certif. den. 58 *N. J.* 160 (1971). There decedent was accidentally struck by an automobile while picketing at the entrance of his employer's premises after a lock-out. The County Court denied compensation, holding that the positional risk doctrine argument was inapplicable. The court held that

> * * * In the case at bar the employer-employee relationship no longer existed. The employer had no control over the employees' activities, nor did he pay them. When the employer locked out the employees, it was similar to a situation where employees are laid off. [110 *N. J. Super.* at 362–363]

While the accident might have arisen out of the employment, the court said that it did not arise in the course of that employment — the relationship of employer-employee did not exist.

Affirmed.